**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS THROWER,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM J. FRASER, et al.<br><br>    Defendants. | CIVIL ACTION NO. 10-5062 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF** is a pro se prisoner.  (See dkt. entry no. 1, Compl.)  By Order dated December 6, 2011, the Court permitted certain claims to proceed ("Remaining Claims") pursuant to 28 U.S.C. § 1915.  (See dkt. entry no. 6, 12-6-11 Order; see also dkt. entry no. 5, 12-6-11 Op.)

**THE COURT** earlier ordered the plaintiff to show cause why the Remaining Claims should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), Local Civil Rule 41.1(a), and Federal Rule of Civil Procedure 41(b).  (See generally dkt. entry no. 9, 9-7-12 Order to Show Cause.)  A copy of the Order to Show Cause was mailed to the plaintiff at his last known address.  That copy of the Order to Show Cause was returned as undeliverable.  (See dkt. entry no. 10, Mail Returned as Undeliverable.)

**THE PLAINTIFF** has an affirmative duty to provide the Court with an up-to-date mailing address.  See L.Civ.R. 10.1; McLaren v. Dep't of Educ., No. 11-4585, 2012 WL 666669, at *1 (3d Cir. Mar. 1,

2012). When the plaintiff failed to notify the Court of provide his address to the Court, he rendered adjudication of the case impossible. See McClaren, 2012 WL 666669, at *1. Accordingly, the Court will now dismiss the Complaint pursuant to Local Civil Rule 10.1 without balancing the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). See McLaren, 2012 WL 666669, at *1.

**THE COURT,** when "faced with a case that [is] languishing on [the] docket" and a plaintiff who fails to comply with Local Civil Rule 10.1, "ha[s] little choice as to how to proceed. . . . [A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, [the Court cannot] contact the plaintiff to threaten [him] with some lesser sanction. An order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." Id. (citing Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (original brackets and quotation marks omitted)).

**THE COURT,** for good cause appearing, will issue an appropriate Order, deeming the action to be withdrawn.

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Date:    October 18, 2012

2